UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOOKER T. WADE,<br><br>        Appellant,<br><br>    v.<br><br>ARLENE D. STEVENS,<br><br>        Appellee. | Case No. 14-CV-05628-LHK<br><br>**ORDER DENYING MOTION FOR APPROVAL OF NOTICE OF LIS PENDENS**<br><br>Re: Dkt. No. 16 |

       Before the Court is an administrative motion for approval of notice of *lis pendens* filed by Appellant Booker T. Wade ("Appellant"). ECF No. 16 ("Motion"). Appellant has filed an appeal from an order of the U.S. Bankruptcy Court denying emergency motion to compel arbitration and motion for stay. *See* ECF No. 1 (notice of appeal). Briefing regarding Appellant's appeal is currently ongoing. On August 3, 2015, Appellant filed the instant Motion, requesting that the Court approve a notice of *lis pendens* with respect to property located at 605 Forest Avenue, Palo Alto, California, which Appellant claims is related to the subject of Appellant's appeal before this Court. Mot. at 1-2.

       "A *lis pendens* filed with the county recorder is a notice that an action is pending concerning real property or affecting the title or right of possession of real property." *In re Lane*,

1

980 F.2d 601, 603 (9th Cir. 1992). Pursuant to the California Civil Procedure Code, "[a] party to an action who asserts a real property claim may record a notice of pendency of action" in the office of the recorder of the county where the property is located. Cal. Civ. Proc. Code § 405.20. A "real property claim," as that term is used in § 405.20, is defined as a "cause or causes of action in a pleading which would, if meritorious," affect title to, or right to possession of, specific real property. *Id.* § 405.4. The relevant provision of the Civil Procedure Code also "applies to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts" of California. *Id.* § 405.5. Federal law authorizes U.S. District Courts to issue a notice of *lis pendens* when authorized by state law. 28 U.S.C. § 1964.

Appellant fails to show that the instant appeal before this Court is a "real property claim" as that term is used in California Civil Procedure Code § 405.20. The instant appeal arises from Appellant's Chapter 7 bankruptcy petition. *See* Bankruptcy Case No. 13-BK-50376. Appellant cites no authority—and this Court located none—which states that a Chapter 7 bankruptcy petition is a "real property claim," or a "cause or causes of action in a pleading," as that term is used in California Civil Procedure Code § 405.20. Furthermore, Appellant has appealed an order of the U.S. Bankruptcy Court denying emergency motion to compel arbitration and motion for stay. ECF No. 1. Appellant cites no authority for the proposition that an emergency motion to compel arbitration and motion for stay is a "pleading" within the meaning of Civil Procedure Code § 405.20. *See* Cal. Civ. Proc. Code § 435(a) (defining "pleading" as a "demurrer, answer, complaint, or cross-complaint").

For the reasons stated above, the Court DENIES Appellant's Motion.

**IT IS SO ORDERED.**

Dated: August 10, 2015

_____
LUCY H. KOH
United States District Judge

2
Case No. 14-CV-05628-LHK
ORDER DENYING MOTION FOR APPROVAL OF NOTICE OF LIS PENDENS