1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12   BOOKER T. WADE, JR.,

13              Appellant,

14        v.

15   ARLENE D. STEVENS,

16              Appellee.

17

Case No. 14-CV-05628-LHK

**ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE**

18        Booker T. Wade ("Appellant") has appealed a December 10, 2014 Order of the

19   Bankruptcy Court entitled, "Order Denying Emergency *Ex Parte* Motion to Compel Arbitration

20   and Motion for Stay." ECF No. 1. Appellant's appeal is filed pursuant to 28 U.S.C. § 158(a) and

21   Federal Rule of Bankruptcy Procedure 8001(a). For the reasons stated below, the Court hereby

22   DISMISSES with prejudice the instant appeal for failure to prosecute.

23   **I.   BACKGROUND**

24        On October 20, 2014, Appellant filed an emergency *ex parte* motion to compel arbitration

25   and motion for stay with the Bankruptcy Court presiding over Appellant's Chapter 7 bankruptcy.

26   *See* Case No. 13-BK-50376 SLJ, Dkt. No. 264, at 1. On December 10, 2014, the Bankruptcy

27   Court denied Appellant's motion. *Id.* The Bankruptcy Court found that, even if Appellant's *ex*

28

*(left margin, rotated)* United States District Court — Northern District of California

*parte* motion were procedurally proper, Appellant was asking the Bankruptcy Court to "undo a judgment that was entered by the [California] Superior Court" in an underlying state court litigation that preceded Appellant's bankruptcy filing. *Id.* at 3. The Bankruptcy Court held that this would violate the so-called *Rooker-Feldman* doctrine, which prohibits "federal courts—including the bankruptcy court—[from] hear[ing] appeals of state court judgments." *Id.* (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Appellant timely filed a notice of appeal of the Bankruptcy Court's Order on December 24, 2014. ECF No. 1. On December 24, 2014, the Clerk of the Court issued a notice directing the parties to perfect the record pursuant to Federal Rules of Bankruptcy Procedure 8006 and 8007. ECF No. 2. Federal Rule of Bankruptcy Procedure 8009(a)(1)(B) provides that an appellant must file and serve the designation of the items to be included in the record on appeal and statement of issues within 14 days. Appellant did not take any steps to perfect the record. *See* ECF No. 3 (summarizing procedural history of this appeal). Moreover, Appellant failed to file a statement of issues.

Four months later, on April 23, 2015, the Court issued an Order to Show Cause Why Appeal Should Not Be Dismissed For Failure to Prosecute. ECF No. 3 ("Order to Show Cause"). The Court ordered Appellant to file a response to the Order to Show Cause by May 13, 2015, and set a hearing on the Order to Show Cause for May 27, 2015, at 1:30 p.m. *Id.* at 1.

On May 14, 2015, Appellant filed a response to the Order to Show Cause. ECF No. 6. Appellant also appeared at the Order to Show Cause hearing on May 27, 2015. *See* ECF No. 8 (minute entry of proceeding). On May 27, 2015, the Court issued an Order vacating the Order to Show Cause. ECF No. 7. The Court directed the Appellant to perfect the record by May 28, 2015. *Id.* at 1. The Court also referred Appellant to the staff attorney for the Federal Pro Se Program, and "strongly encouraged" Appellant to make an appointment with the staff attorney "as soon as possible." *Id.* Finally, the Court "cautioned Appellant on the record that failure to meet this deadline will result in dismissal with prejudice." *Id.*

Case No. 14-cv-05628-LHK
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

United States District Court
Northern District of California

On May 28, 2015, Appellant filed a statement of the issues and designation of the record. ECF No. 9. On June 2, 2015, Appellant filed an emergency *ex parte* motion for temporary restraining order and preliminary injunction. ECF No. 10. In that motion, Appellant requested that the Court enjoin a foreclosure sale of a property scheduled to occur on June 4, 2015. *Id.* at 1. The foreclosure sale was authorized by the Bankruptcy Court in connection with Appellant's Chapter 7 bankruptcy. *Id.* On June 3, 2015, the Court denied Appellant's motion due to Appellant's failure to comply with the procedural requirements for filing a temporary restraining order, including that the motion be accompanied by certain required documentation, and that the opposing counsel or party be given, *inter alia*, notice of the motion. ECF No. 12, at 1. The Court reiterated in its Order that the Court "strongly encourages Appellant to make an appointment" with the staff attorney for the Federal Pro Se Program. *Id.* at 1-2. The Court also cautioned Appellant against further "disregard for this Court's procedural rules." *Id.* at 2.

On July 22, 2015, the Office of the Clerk issued a Notice of Briefing, stating that Appellant's opening brief was due on August 21, 2015. ECF No. 14, at 1.

Appellant failed to file his opening brief on August 21, 2015. Instead, on August 21, 2015, Appellant filed a motion for extension of time to file brief. ECF No. 19 ("Motion for Extension"). In the Motion for Extension, Appellant stated that his opening brief "was on schedule to be completed and filed timely today," but that "the USB drive containing the brief data expectantly [sic] failed, producing the inability to print the data at a local print facility." *Id.* at 1. Appellant requested a 14-day extension in which to file his opening brief. *Id.* at 2.

On August 25, 2015, the Court denied Appellant's Motion for Extension. ECF No. 20. In that Order, the Court stated that Appellant's opening brief was due on August 21, 2015. *Id.* at 1. To date, Appellant has not filed his opening brief.

## II.  LEGAL STANDARD

A district court has the discretion to dismiss a matter for failure to prosecute. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). "[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an

Case No. 14-cv-05628-LHK
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

United States District Court
Northern District of California

adversary hearing before acting." *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). When dismissing a matter for failure to prosecute, a district court should weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

### III. DISCUSSION

The Court finds that on balance the five factors described above weigh in favor of dismissal of Appellant's appeal for failure to prosecute.

#### A. The Public's Interest in Expeditious Resolution of Litigation, and the Court's Need to Manage its Docket

Courts typically review the first two factors—the public's interest in expeditious resolution of litigation, and the court's need to manage its docket—in conjunction with one another "to determine if there is unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). A district court is accorded deference as to what constitutes "unreasonable delay" because "it knows when its docket may become unmanageable." *Id.*

Here, the instant appeal has been pending for approximately 10 months. Moreover, Appellant failed to perfect the record on appeal for approximately four months, and only perfected the record after the Court issued its Order to Show Cause. Now, Appellant has neglected to adhere to the Court-imposed deadline to file his opening brief. Based on Appellant's dilatory conduct and failure to follow the Court's deadlines, the Court finds that Appellant's delay has been unreasonable and warrants dismissal of this action. *See In re Gruntz*, 582 F. App'x 735, 736 (9th Cir. 2014) (affirming dismissal of bankruptcy appeal for failure to prosecute where appellants, among other things, "never filed their opening brief"); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming denial for failure to prosecute where party, among other things, "disregarded repeatedly the deadlines set by the district court."). Moreover, Appellant's unreasonable delay and noncompliance has interfered with the Court's ability to manage its

Case No. 14-cv-05628-LHK
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

United States District Court
Northern District of California

docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

For the reasons stated above, the Court finds that the above two factors weigh in favor of dismissal.

### B. Risk of Prejudice to Opposing Party

"The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [opposing party] from the failure." *In re Eisen*, 31 F.3d at 1452. This is because "[t]he law presumes injury from unreasonable delay." *Id.* Here, as previously discussed, the Court finds that Appellant's delay in this matter has been unreasonable, and therefore there is a presumption of prejudice to appellees. *See id.* Thus, this factor weighs in favor of dismissal.

### C. Public Policy Favoring Disposition on the Merits

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. Thus, this factor generally counsels against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### D. The Availability of Less Drastic Alternatives

Before dismissing a matter for failure to prosecute, "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). However, "if the district court actually tries alternatives before employing the ultimate sanction of dismissal," then it is unnecessary for the district court to explicitly discuss alternatives. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). Moreover, "warning a [party] that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Id.*

Here, the Court previously issued an Order to Show Cause Why Appeal Should Not Be Dismissed For Failure to Prosecute after Appellant failed to perfect the record on appeal for approximately four months. *See* Order to Show Cause. Although the Court subsequently vacated the Order to Show Cause, the Court cautioned Appellant that failure to meet the Court-imposed

Case No. 14-cv-05628-LHK
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

United States District Court
Northern District of California

deadline to perfect the record would "result in dismissal with prejudice." ECF No. 7, at 1.

Furthermore, in the Court's June 3, 2015 Order denying Appellant's emergency *ex parte* motion

for temporary restraining order and preliminary injunction, the Court again cautioned Appellant

against further "disregard for this Court's procedural rules." ECF No. 12, at 2. Therefore,

Appellant was on notice that failure to comply with further deadlines in this matter could result in

dismissal. For the reasons stated above, the Court finds that this factor weighs in favor of

dismissal.

Although the public policy favoring disposition on the merits weighs against dismissal, the

Court determines that the public's interest in expeditious resolution of litigation, the court's need

to manage its docket, the risk of prejudice to appellees, and the availability of less drastic

alternatives all weigh in favor of dismissal. The Court finds that the four factors that weigh in

favor of dismissal strongly outweigh the single factor against dismissal.

## IV. CONCLUSION

For the reasons stated above, the Court DISMISSES with prejudice the instant appeal for

failure to prosecute. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 28, 2015

_____

LUCY H. KOH
United States District Judge

Case No. 14-cv-05628-LHK
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

United States District Court
Northern District of California